WELLS, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 16, 1903.) Action by Sarah Ann Wells against the Metropolitan Street Railway Company. No opinion. Order affirmed, with $10 costs and disbursements.

WEST, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 7, 1903.) Action by Nettie West, as administratrix, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment reversed and new trial ordered, with costs to the appellant to abide event. *Held*, that the question of defendant's negligence and of the freedom of the plaintiff's intestate from contributory negligence, as well as the question of whether the intestate was rightfully upon the freight train at the time he met his death, were all questions of fact, which should have been submitted to the jury.

WHALEN, Appellant, v. THOMAS et al., Respondents. (Supreme Court, Appellate Division, Third Department. June 30, 1903.) Action by Frank Whalen, as trustee in bankruptcy of John L. Thomas, bankrupt, against John L. Thomas and John Allen. No opinion. Judgment unanimously affirmed, with costs.

In re WHITTEN. (Supreme Court, Appellate Division, Fourth Department. October 2, 1903.) In the matter of the petition of Clara B. Whitten for leave to sue Eulalia Morse, an incompetent person. No opinion. Order modified, by striking out the recital therein contained with reference to the doubtful character of petitioner's cause of action, and also by striking out the provision therein contained requiring the petitioner to give an undertaking as security for costs, and, as so modified, affirmed, with $10 costs and disbursements to the appellant.

In re WHITTEN. (Supreme Court, Appellate Division, Fourth Department. October 2, 1903.) In the matter of the petition of Clara B. Whitten for leave to sue Eulalia Morse, an incompetent person. No opinion. Order reversed, with disbursements only.

WIEGAND, Respondent, v. FEE BROS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 7, 1903.) Action by Grace Wiegand, by guardian, against the Fee Bros. Company. No opinion. Judgment and order affirmed, with costs.

WIGGINS, Respondent, v. HUNT, Appellant. (Supreme Court, Appellate Division, Fourth Department, October 2, 1903.) Action by Dennis B. Wiggins against George Hunt. No opinion. Motion to dismiss appeal granted.

WILKES, Respondent, v. BERRY, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 2, 1903.) Action by Oliver C. Wilkes against Frank Berry.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide event. *Held*, that under the circumstances of this case the fact that the transaction arose in Otsego county should have controlled the court in the disposition of the motion.

WILLIAMS, Respondent, v. CITY OF NEW YORK et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 16, 1903.) Action by Edna A. Williams, by her guardian ad litem, against the city of New York and the New York Building Loan Banking Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, because of the error of the trial judge in charging the jury that the city defendant, as. matter of law, had notice of the actual condition of the street at the time of the accident.

WILLIAMS, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 7, 1903.) Action by Charlotte Williams against the Metropolitan Life Insurance Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined and no error found therein. *Held*, that it was error for the trial justice, as he apparently did, to permit the jury to consider the attestation clause upon the policy in question as evidence of its issue and delivery, so as to make a completed contract as claimed by the plaintiff; also held, that it was an impropriety calling for reversal for the counsel for the plaintiff, in summing up, to state: "Here is this insurance company, with its millions, and here is this widow, with her two little ones. As between this insurance company with its millions and this widow with her two little ones, I hope you won't hesitate long what to do."

WILSON, Appellant, v. DEXTER SULPHITE PULP & PAPER CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. July 7, 1903.) Action by John Wilson against the Dexter Sulphite Pulp & Paper Company. No opinion. Judgment affirmed, with costs.

WOLF, Respondent, v. BRUMBERG et al., Appellants. (Supreme Court, Appellate Division, First Department. July 7, 1903.) Action by Moses J. Wolf, as trustee, against Estella Brumberg and others. B. Patterson, for appellants. S. Kohn, for respondent. No opinion. Judgment affirmed, with costs.

END OF CASES IN VOL. 83.

*